UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL ALLEN BERGERON,
                              Plaintiff,

v.                                              Case No. 24-cv-13055
                                                Honorable Shalina D. Kumar

MICHAEL BOUCHARD, *et al*.,
                              Defendants.

---

**OPINION AND ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING THE CASE**

---

### I.    Introduction

This is a pro se civil rights action brought by a state pre-trial detainee under 42 U.S.C. § 1983. Plaintiff Paul Allen Bergeron ("Bergeron"), presently confined at the Oakland County Jail in Pontiac, Michigan, sues various attorneys, prosecutors, judges, and Oakland County Sheriff's Department employees for violations of his constitutional rights arising from his ongoing state criminal proceedings and confinement. He sues Defendants in their individual and official capacities. Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## II.     Factual and Procedural Background

In this action, Bergeron sues Oakland County Sheriff Michael Bouchard, Undersheriff Mark Thompson, Judge Martha J. Anderson, Assistant Prosecutor Marissa Fillmore, Deputy J. Gracey, Judge Ronda Gross, Judge Cynthia Walker, Assistant Prosecutor Erika Smith, and United States Attorney Barbara McQuade. Bergerson largely challenges his ongoing criminal proceedings. Publicly available records for Oakland County Circuit Court indicate that he is facing criminal charges in three different state cases. In Case No. 2024-291306-FH, Bergeron is charged with failing to register as a sex offender in violation of Mich. Comp. Laws § 28.729. In Case No. 2024-290737-FH, he is charged with three counts of accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a and three counts of using a computer to commit a crime, Mich. Comp. Laws § 752.797(3)(d). Bergeron also has a pending violation of probation in Case No. 2021-276962-FH.

Bergeron's allegations are difficult to discern. He states, without specificity, that all defendants conspired to violate his due process rights. With respect to his state criminal cases, he claims that Judge Gross wrongfully denied him bond and the State has initiated illegal charges against him because he is "diplomatically immune" and is "being held

2

illegally, first on falsified charges and now with no pending charges while being assaulted and raped numerous times because all Defendants are prior victims or family members of pedophiles . . . ." ECF No. 1, PageID.7. He seeks release from jail.

Bergeron has informed the Court that he wishes to proceed in forma pauperis; however, he has had difficulty submitting the necessary documentation while in jail. ECF Nos. 4, 5. Although he has not provided all the required application materials, the Court will grant his request to proceed in forma pauperis based on the information provided.

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc*., 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

3

A pro se litigant's complaint is to be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). But that leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). A complaint must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The Court must assume a plaintiff's factual allegations are true, but it is not required to accept as true allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 430 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)). Nor may the Court "conjure up unpleaded facts to support conclusory allegations." *Williams*, 2022 WL 2966395, at *2 (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004)).

### III.   Analysis

#### a.  Standard of Review

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic

5

recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

b.  Personal Involvement

First, the Court concludes that Bergeron's claims against defendants Thompson, Fillmore, Walker, McQuade, and Gracey must be dismissed for lack of personal involvement. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. Department of Social Svs*., 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Although Bergeron named these individuals as defendants in his complaint, he did not include any factual allegations explaining how they

6

violated his constitutional rights. Rule 12(b)(6) of the Federal Rules of Civil Procedure requires a plaintiff to allege facts sufficient to state a claim for relief that is "plausible on its face." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017). Since Bergeron has not clearly alleged that these defendants did or failed to do something to violate his rights, any claims against them must be dismissed.

### d. Immunity

Next, Bergeron's claims against Judge Anderson, Judge Gross, and Assistant Prosecutor Smith must be dismissed on the basis of immunity.

Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco,* 502 U.S. 9, 9–10 (1991) (per curiam) (explaining that "generally, a judge is immune from a suit for money damages"). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief "unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. Here, Bergeron has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. *See also Kipen v. Lawson*, 57 F. App'x. 691 (6th Cir. 2003) (affirming dismissal of claims against federal judge under Section 1915(e)

on the basis of absolute judicial immunity). Therefore, the Court dismisses Bergeron's claims against Judges Anderson and Gross.

Similarly, his claims against Assistant Prosecutor Smith also fail because she entitled to prosecutorial immunity. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). Thus, a prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). As the Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted).

Indeed, Bergeron's claims against Smith arose out of her actions in charging him with a crime. This type of quintessential prosecutorial function is protected by immunity. *See id*. The Court therefore dismisses Smith from this action.

e. Fourteenth Amendment

Lastly, Bergeron's claims against Sheriff Bouchard must be dismissed. To the extent that Bergeron alleges that Sheriff Bouchard is responsible for failing to protect him against physical assaults and rape while confined at the Oakland County Jail, his claims are vague and conclusory.

Prison officials have a duty to protect pre-trial detainees from violence by other inmates in certain circumstances. Bergeron is a pretrial detainee, therefore, his failure to protect claims arise under the Fourteenth Amendment's Due Process Clause. *See Westmoreland v. Butler Cnty*., 29 F.4th 721, 727 (6th Cir. 2022). The Sixth Circuit has "explicitly taken the position that a failure-to-protect claim by a pretrial detainee requires only an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly." *Id*. at 728. Therefore, where an officer "recklessly disregarded a risk so obvious that they either knew or should have known of it," the officer can be liable for the harm resulting from that risk. *Lawler ex rel. Lawler*, 93 F.4th at 927. "[T]o establish deliberate indifference for failure to protect, 'a defendant . . . must [1] act intentionally in a manner that [2] puts the plaintiff at a substantial risk of harm, [3] without taking reasonable steps to abate that risk, [4] and by failing to do so

9

actually cause the plaintiff's injuries." *Stein v. Gunkel*, 43 F.4th 633, 639 (6th Cir. 2022) (quoting *Westmoreland*, 29 F.4th at 729).

Bergeron has made no such showing. He does not allege that Sheriff Bouchard acted intentionally or that he knew Bergeron was at a substantial risk of harm. He merely alleges in conclusory fashion that he had been "assaulted and raped numerous times . . . and law enforcement officers are exacting vigilante justice." ECF No. 1, PageID.7. He provides no detail regarding who assaulted him and when the assaults occurred. Without more, Bergeron has not alleged sufficient facts to support a failure-to-protect claim. Accordingly, Sheriff Bouchard is dismissed from the complaint.

## IV.    Conclusion

For the reasons above, all defendants are hereby dismissed and Bergeron's complaint is **DISMISSED WITH PREJUDICE.** Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
Date: April 30, 2025                United States District Judge

10